FILED
COURT OF APPEALS
DIVISION II

2013 JUN 19 AM 8:33

STATE OF WASHINGTON

BY_____
DEPUTY

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 42310-3-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| KIRT D. JONES, | |
| Appellant. | |

BJORGEN, J. — Kirt Jones appeals from his bench trial convictions of second degree burglary and second degree theft, arguing that (1) sufficient evidence does not support his convictions and (2) the trial court applied a mandatory presumption to the evidence, impermissibly shifting the burden of persuasion to him. In his statement of additional grounds (SAG),[1] he argues also that the trial court erred by not instructing on the lesser included offense of first degree criminal trespass and that defense counsel was ineffective for failing to request such an instruction. We affirm his convictions because sufficient evidence supports them, the trial court did not employ a mandatory presumption, jury instructions are not required in a bench trial, and counsel was not ineffective for failing to request one.

## FACTS[2]

The Professional Temp Staffing Agency in Olympia employed an after-hours security system in which an alarm was triggered by the opening of one of the doors to the business or by motion detection within its interior. When triggered, an alert went to the alarm company and an

---

[1] See RAP 10.10.

[2] These facts are from the trial court's unchallenged findings of fact.

audible signal was activated inside the business. On June 24, 2010, at approximately 2:30 a.m., the alarm inside the office was activated, and the alarm company notified owner Douglas Dyjack.

At approximately 2:32 a.m., police were dispatched in response to the alarm. The first officer on the scene arrived a few minutes later, saw that a back door to the business was ajar, and called other officers to assist. The police formed a perimeter around the business and attempted to locate the intruder's path using a tracking dog. Officers found no one inside the business.

The rear entrance to the business consisted of two french doors, which were always kept locked. A window above the french doors had been broken, and three rocks lay on the floor inside the business. A garbage can had been moved directly below the broken window, and a shoe impression was found on its lid. A person standing on the top of the garbage can could have lifted himself up and through the broken window to gain entry into the business without opening or damaging either of the rear doors.

The store owner determined that a computer and monitor were missing. The officers found several computer cords on a path leading from the back of the business to a nearby parking lot. The owners had purchased the computer and monitor in 2010 at a cost of $1,368.99. Additional software costing $499.99 had also been purchased and loaded onto that computer.

On the floor inside and close to one of the french doors, an officer observed a glass shard that appeared to have a small amount of wet blood on it. The officer also noticed drops of blood on the inside of one of the rear doors and drops of blood on the

rug near the rear doors. The police later obtained DNA (deoxyribonucleic acid) cheek swab samples from defendant Jones, which matched the DNA obtained from the blood on the glass shard. The estimated probability of selecting an unrelated individual at random from the United States population with a DNA profile matching that from the stain on the glass shard was 1 in 8.2 quintillion.

The State charged Jones with second degree burglary and second degree theft. The trial court convicted Jones of each charge and sentenced him to standard range sentences of 50 months for second degree burglary and 15 months for second degree theft. He appeals.

ANALYSIS

I. SUFFICIENCY OF THE EVIDENCE

Jones assigns error to the trial court's conclusions of law 1 and 2, arguing that sufficient evidence does not support his convictions for second degree burglary and second degree theft.[3] He does not assign error to any of the trial court's findings of fact.

Unchallenged findings of fact are verities on appeal. *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994). Thus, our review is limited to whether these unchallenged findings of fact support the trial court's conclusions of law. *State v. Hovig*, 149 Wn. App. 1, 8, 202 P.3d 318 (2009); *State v. B.J.S.*, 140 Wn. App. 91, 97, 169 P.3d 34 (2007).

Sufficient evidence supports a conviction if, when viewed in the light most favorable to the State, "any rational trier of fact could have found the essential elements of the charged crime proved beyond a reasonable doubt." *State v. Hosier*, 157 Wn.2d 1, 8, 133 P.3d 936 (2006). We

---

[3] Jones challenges the sufficiency of the evidence both in his opening brief and his SAG. We address all of his sufficiency arguments here.

draw all reasonable inferences[4] from the evidence in favor of the State and interpret them most strongly against the defendant. *Hosier*, 157 Wn.2d at 8. In the sufficiency context, we consider circumstantial evidence as probative as direct evidence. *State v. Goodman*, 150 Wn.2d 774, 781, 83 P.3d 410 (2004). We may infer specific criminal intent of the accused from conduct that plainly indicates such intent as a matter of logical probability. *Goodman*, 150 Wn.2d at 781. We defer to the fact finder on issues of conflicting testimony, witness credibility, and persuasiveness of the evidence. *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004), *abrogated in part on other grounds by Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).

Jones committed second degree burglary if he, "with intent to commit a crime against property therein, entered or remained unlawfully in a building." Clerk's Papers (CP) at 4. He committed second degree theft if he "wrongfully obtain[ed] property of another, which exceeded seven hundred and fifty dollars in value, with the intent to deprive the owner of such property." CP at 4.

Citing *State v. Mace*, 97 Wn.2d 840, 650 P.2d 217 (1982),[5] Jones argues that, although

---

[4] Citing *State v. Weaver*, 60 Wn.2d 87, 88, 371 P.2d 1006 (1962), Jones argues that the State cannot rely on a "pyramiding of inferences" to demonstrate sufficient evidence supporting his convictions. Br. of Appellant at 9. Our Supreme Court, however, subsequently rejected the rule in *Weaver*, quoting with approval the statement that "'[i]f the inferences and underlying evidence are strong enough to permit a rational fact finder to find guilt beyond a reasonable doubt, a conviction may be properly based on 'pyramiding inferences.'" *State v. Bencivenga*, 137 Wn.2d 703, 711, 974 P.2d 832 (1999) (quoting 1 CLIFFORD S. FISHMAN, JONES ON EVIDENCE: CIVIL AND CRIMINAL § 5.17, at 450 (7th ed. 1992)).

[5] Jones also improperly relies on the unpublished opinion in *State v. Johnson*, 157 Wn. App. 1014, 2010 WL 2965141 (Wash. App. Div. 2, July 29, 2010). Because unpublished cases are not properly before this court, we address it no further. *State v. Nysta*, 168 Wn. App. 30, 44, 275 P.3d 1162 (2012) (citing GR 14.1(a)); RCW 2.06.040.

the DNA blood evidence demonstrates his presence in the business when the theft occurred, it is insufficient to show that he stole property from the business or intended to deprive the business's owners of the property. In *Mace*, however, the evidence established that the defendant may have possessed and used stolen bank cards shortly after they were stolen from a home, but no evidence other than his possession of the cards linked him to the burglary. *Mace*, 97 Wn.2d at 841-42, 845. Our Supreme Court held that, standing alone, the inference that Mace possessed the stolen bank cards after the burglary was insufficient to support his conviction for the burglary itself. *Mace*, 97 Wn.2d at 845.

In contrast, the DNA evidence here demonstrated Jones's likely presence inside the business during the burglary. The question in this case is whether that presence, when considered with the other evidence, was sufficient for a rational trier of fact to find that Jones entered or remained in the building with the intent to steal property and that he did steal the property. The evidence here shows that (1) someone had thrown rocks through the windows; (2) someone had moved a garbage can under the broken window and stood on top of it; (3) Jones's fresh blood was found on and around the rear door; (4) motion inside the business would trigger an audible alarm; (5) a computer and monitor valued at over $750 were missing from the building; (6) the rear door was left ajar; and (7) a trail of cords used to connect the missing computer to other components led from the door to a nearby parking lot. From this evidence, the trial court could reasonably infer that Jones used the garbage can late at night to climb through the broken window; that Jones's motion inside the business set off an audible alarm, causing him to act quickly; and that Jones hastily grabbed the computer and exited through the rear door, having no time to collect the trail of cords he left in his wake.

5

Certainly, as Jones argued below, a fact finder might also have inferred from the lack of direct evidence that he merely entered the building with no intent to steal anything, exited as soon as he heard the alarm, and some other person with him took the computer. But when there are "hypothetically rational alternative conclusions to be drawn from the proven facts," the fact finder may discard a possible inference when it concludes such inference unreasonable under the circumstances. *State v. Bencivenga*, 137 Wn.2d 703, 708, 974 P.2d 832 (1999). Under the evidence presented, a rational trier of fact could have found, and did find, the essential elements of the charged crimes proved beyond a reasonable doubt. Therefore, the trial court did not err in rejecting Jones's theory in favor of the State's theory. We hold that the evidence was sufficient to convict Jones of both charged crimes.

In addition, under RCW 9A.08.020, a person is liable as an accomplice if, with knowledge that it would promote or facilitate the commission of the crime, he (1) solicited, commanded, encouraged, or requested another person to commit the crime or (2) aided or agreed to aid another person in planning or committing the crime. Mere presence is insufficient to prove complicity in a crime, but accomplice liability may be shown by an overt act. *State v. Roberts*, 80 Wn. App. 342, 355-56, 908 P.2d 892 (1996); *State v. Matthews*, 28 Wn. App. 198, 203, 624 P.2d 720 (1981). Ultimately, the evidence must show that the accomplice was ready to assist the principal in the crime and that he shared in the principal's criminal intent, thus "'demonstrating a community of unlawful purpose at the time the act was committed.'" *State v. Truong*, 168 Wn. App. 529, 540, 277 P.3d 74, *review denied*, 175 Wn.2d 1020 (2012) (quoting *State v. Castro*, 32 Wn. App. 559, 564, 648 P.2d 485 (1982)).

Even if some unknown accomplice had actually taken the computer and monitor, we may infer Jones's shared intent to steal the computers from his entry into and presence within the building and his conduct demonstrating that he was ready and willing to assist. *See Goodman*, 150 Wn.2d at 781. Accordingly, even if Jones himself did not "obtain" the computer or monitor as charged, the evidence was sufficient to convict him as an accomplice to second degree theft. Further, because the evidence was sufficient to show that Jones entered the business with the intent to commit theft, the evidence was also sufficient to show he committed second degree burglary.

## II. MANDATORY PRESUMPTION

In concluding that the evidence established Jones's guilt beyond a reasonable doubt, the trial court stated,

> *The only reasonable inference* that can be drawn is that Mr. Jones himself was inside that business at 2:30 a.m., and the only purpose that could be arrived at would be for purposes of stealing something.

Report of Proceedings (RP) at 168 (emphasis added). Jones contends that this demonstrates that the trial court applied a mandatory presumption[6] to the evidence, impermissibly shifting the burden of persuasion to him.

We disagree. The trial court's statement merely indicates which factual inferences from the evidence it found reasonable and, implicitly, which it discarded as unreasonable. The trial court properly did so as the fact finder in this bench trial. *See Bencivenga*, 137 Wn.2d at 708-09 (fact finder's role is to factually determine reasonableness of inferences and to discard theories it finds unreasonable). The court did not employ any mandatory presumptions of fact.

---

[6] Jones also raises this claim in his SAG. Because we address the claim here, we do not address it again.

### III. LESSER INCLUDED OFFENSE INSTRUCTION

Finally, in his SAG, Jones contends that the trial court erred in failing to give a jury instruction on the lesser included offense of first degree criminal trespass. He argues also that defense counsel was ineffective for choosing an all or nothing strategy and failing to request such a lesser included instruction.

We disagree with these arguments for a number of reasons. To begin with, trial courts are not obligated to give lesser included offense instructions sua sponte. *State v. Hoffman*, 116 Wn.2d 51, 111-12, 804 P.2d 577 (1991). More fundamentally, this was a bench trial; and in a bench trial no jury instructions are required. *See State v. Allen*, 89 Wn.2d 651, 654, 574 P.2d 1182 (1978) ("The purpose of an instruction is to furnish guidance to the jury in their deliberations, and to aid them in arriving at a proper verdict, so far as it is competent for the court to assist them"). Further, the trial court judge, as the trier of fact, is not constrained by the instructions and may consider the charged offense as well as any lesser included offense. *See State v. Peterson*, 133 Wn.2d 885, 892-93, 948 P.2d 381 (1997). Thus, even if we overlook the fact that jury instructions are not given in a bench trial, the trial court did not err, since it was free to consider lesser included offenses without instruction.

Jones claims also that his defense counsel was ineffective, because he did not argue for conviction on the lesser included offense of criminal trespass. We review claims of ineffective assistance of counsel de novo. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). To prevail on a claim of ineffective assistance, a defendant must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Counsel's performance is deficient if it fell below an

8

objective standard of reasonableness. *State v. Stenson*, 132 Wn.2d 668, 705, 940 P.2d 1239 (1997). Our scrutiny of defense counsel's performance is highly deferential, and we employ a strong presumption of reasonableness. *Strickland*, 466 U.S. at 689; *McFarland*, 127 Wn.2d at 335-36. To rebut this presumption, the defendant bears the burden of establishing the absence of any "'conceivable legitimate tactic explaining counsel's performance.'" *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011) (quoting *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004)), *on remand*, 168 Wn. App. 635 (2012). To establish prejudice, a defendant must show a reasonable probability that the outcome of the trial would have been different absent counsel's deficient performance. *State v. Thomas*, 109 Wn.2d 222, 226, 743 P.2d 816 (1987). Failure on either prong of the test is fatal to a claim of ineffective assistance of counsel. *Strickland*, 466 U.S. at 697. Whether to request a lesser included offense instruction is a tactical decision, for which we grant counsel considerable deference. *Grier*, 171 Wn.2d at 39. In a bench trial, the same rule would govern counsel's decision not to argue for such a lesser included charge. Based on the lack of direct evidence that Jones actually stole the computer from the business, the trial court could have conceivably concluded that the State failed to demonstrate the necessary intent for second degree burglary and theft and entirely acquitted Jones. Thus, defense counsel's decision not to argue for a lesser included charge was part of a conceivable legitimate strategy. With that, counsel's performance was not deficient under *Grier*, 171 Wn.2d at 42, and the claim of ineffective assistance of counsel fails. Further, even if counsel's performance were deficient, Jones cannot show prejudice. Because the court was free to consider lesser included offenses without instruction it was free to consider the lesser included offense without counsel's

No. 42310-3-II

argument. Jones fails to show that the outcome of the trial would have been different but for counsel's alleged deficient performance.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, J.

We concur:

HUNT, J.

JOHANSON, A.C.J.

10